# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| AMERIFORGE GROUP INC., | § § | Case No. 17-32660 |
| Debtor. | § § | |
| Tax I.D. No. 76-0607053 | § § | |
| In re: | § § § | Chapter 11 |
| 230 BODWELL CORPORATION, | § § | Case No. 17-32661 |
| Debtor. | § § | |
| Tax I.D. No. 04-3173965 | § § | |
| In re: | § § § | Chapter 11 |
| ADVANCED JOINING TECHNOLOGIES, INC., | § § | Case No. 17-32662 |
| Debtor. | § § | |
| Tax I.D. No. 14-1916451 | § § | |
| In re: | § § § | Chapter 11 |
| AF GLOENCO INC., | § § | Case No. 17-32663 |
| Debtor. | § § | |
| Tax I.D. No. 20-8909958 | § § | |
| In re: | § § § | Chapter 11 |
| AFG BRAZIL HOLDINGS LLC, | § § | Case No. 17-32664 |
| Debtor. | § § | |
| Tax I.D. No. 45-2628618 | § § | |

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| AFG BRAZIL LLC, | § § | Case No. 17-32665 |
| Debtor. | § § | |
| Tax I.D. No. 45-2628720 | § § | |
| In re: | § § § | Chapter 11 |
| AFG LOUISIANA HOLDINGS INC, | § § | Case No. 17-32667 |
| Debtor. | § § | |
| Tax I.D. No. 45-4204743 | § § | |
| In re: | § § § | Chapter 11 |
| ALLPOINTS OILFIELD SERVICES LLC, | § § | Case No. 17-32668 |
| Debtor. | § § | |
| Tax I.D. No. 27-3328333 | § § | |
| In re: | § § § | Chapter 11 |
| AMERIFORGE CORPORATION, | § § | Case No. 17-32669 |
| Debtor. | § § | |
| Tax I.D. No. 20-8911649 | § § | |
| In re: | § § § | Chapter 11 |
| AMERIFORGE CUMING INSULATION LLC, | § § | Case No. 17-32670 |
| Debtor. | § § | |
| Tax I.D. No. 37-1660264 | § § | |

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CENTURY CORROSION TECHNOLOGIES LLC, | § | Case No. 17-32671 |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 27-3328548 | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| CUMING CORPORATION, | § | Case No. 17-32672 |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 04-2699782 | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| DYNAFAB ACQUISITIONS CORP., | § | Case No. 17-32673 |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 26-1261331 | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| FLOTATION TECHNOLOGIES LLC, | § | Case No. 17-32674 |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 45-4154572 | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| FR AFG HOLDINGS, INC., | § | Case No. 17-32675 |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 80-0872623 | § | |

3

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| NRG MANUFACTURING LOUISIANA LLC, | § § | Case No. 17-32678 |
| Debtor. | § § | |
| Tax I.D. No. 90-0805823 | § § | |
| In re: | § § | Chapter 11 |
| NRG MANUFACTURING INC, | § § | Case No. 17-32676 |
| Debtor. | § § | |
| Tax I.D. No. 76-6067544 | § § | |
| In re: | § § | Chapter 11 |
| STEEL INDUSTRIES INC., | § § | Case No. 17-32679 |
| Debtor. | § § | |
| Tax I.D. No. 76-0705154 | § § | |
| In re: | § § | Chapter 11 |
| STEEL INDUSTRIES REAL ESTATE HOLDING LLC, | § § § | Case No. 17-32680 |
| Debtor. | § § | |
| Tax I.D. No. 20-3981298 | § § | |
| In re: | § § | Chapter 11 |
| TAPER-LOK CORPORATION, | § § | Case No. 17-32682 |
| Debtor. | § § § | (Joint Administration Pending) |
| Tax I.D. No. 14-1838833 | § | (Emergency Hearing Requested) |

4

## DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES

> **THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE. A HEARING WILL BE HELD ON THIS MATTER ON MAY 2, 2017, AT 2:30 P.M. (CT) BEFORE THE HONORABLE DAVID R. JONES, 515 RUSK STREET, COURTROOM 400, HOUSTON, TEXAS 77002.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

The above-captioned debtors and debtors in possession (together, the "Debtors") respectfully state the following in support of this motion (this "Motion"):

### Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) directing procedural consolidation and joint administration of their related chapter 11 cases, and (b) granting related relief. The Debtors request that the Court maintain one file and one docket for all of the jointly-administered cases under the case of Ameriforge Group Inc. and that the Court administer these chapter 11 cases under a consolidated caption, as follows:

5

# IN THE UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| AMERIFORGE GROUP INC., *et al.*,[1] | § | Case No. 17-32660 (DRJ) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Ameriforge Group Inc. (7053); 230 Bodwell Corporation (3965); Advanced Joining Technologies, Inc. (6451); AF Gloenco Inc. (9958); AFG Brazil Holdings LLC (8618); AFG Brazil LLC (8720); AFG Louisiana Holdings Inc (4743); Allpoints Oilfield Services LLC (8333); Ameriforge Corporation (1649); Ameriforge Cuming Insulation LLC (0264); Century Corrosion Technologies LLC (8548); Cuming Corporation (9782); Dynafab Acquisitions Corp. (1331); Flotation Technologies LLC (4572); FR AFG Holdings, Inc. (2623); NRG Manufacturing Louisiana LLC (5823); NRG Manufacturing Inc (7544); Steel Industries Inc. (5154); Steel Industries Real Estate Holding LLC (1298); and Taper-Lok Corporation (8833). The debtors' service address is: 945 Bunker Hill Road, Suite 500, Houston, Texas 77024.

2. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

3. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Ameriforge Group Inc. to reflect the joint administration of these chapter II cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration of the chapter 11 cases of: Ameriforge Group Inc., Case No. 17-32660; 230 Bodwell Corporation, Case No. 17-32661; Advanced Joining Technologies, Inc., Case No. 17-32662; AF Gloenco Inc., Case No. 17-32663; AFG Brazil Holdings LLC, Case No. 17-32664; AFG Brazil LLC, Case No. 17-32665; AFG Louisiana Holdings Inc, Case No. 17-32667; Allpoints Oilfield Services LLC, Case No. 17-32668; Ameriforge Corporation, Case No. 17-32669; Ameriforge Cuming Insulation LLC, Case No. 17-32670; Century Corrosion Technologies LLC, Case No. 17-32671; Cuming Corporation, Case No. 17-32672; Dynafab Acquisitions Corp., Case No. 17-32673; Flotation Technologies LLC, Case No. 17-32674; FR AFG Holdings, Inc., Case No. 17-32675; NRG Manufacturing Louisiana LLC, Case No. 17-32678; NRG Manufacturing Inc, Case No. 17-32676; Steel Industries Inc., Case No. 17-32679; Steel Industries Real Estate Holding LLC,

Case No. 17-32680; and Taper-Lok Corporation, Case No. 17-32682.  **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 17-32660 (DRJ).**

## Jurisdiction, Venue, and Background

4.  The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas,* dated May 24, 2012 (the "Amended Standing Order").  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.  The statutory bases for the relief requested herein are sections 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), rules 1015(b) and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 1015-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

6.  On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  A detailed description surrounding the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Curtis S. Samford in Support of Chapter 11*

7

*Petitions and First Day Motions* (the "Samford Declaration"), filed contemporaneously herewith and incorporated herein by reference.[1]

### Basis for Relief

7.  Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  Fed. R. Bankr. P. 1015.  The Debtor entities that commenced the above-captioned chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.  Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.  Bankruptcy Local Rule 1015-1 further provides for the joint administration of related chapter 11 cases.

8.  Joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest.  Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity.  The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections.  Joint administration also will allow the Office of the United States Trustee for the Southern District of Texas and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

9.  Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates.  Parties in interest will not be harmed by the relief requested, but instead will benefit from the cost reductions associated with the joint administration of these chapter 11

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Samford Declaration.

cases.  Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

### Emergency Consideration

10. In accordance with Bankruptcy Local Rule 9013-1(i), the Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm."  As set forth in this Motion, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm.  Furthermore, the failure to receive the requested relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture.  Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

### Notice

11. The Debtors will provide notice of this Motion to:  (a) the Office of the U.S. Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) Deutsche Bank Trust Company Americas, as administrative agent under the Debtors' prepetition first lien credit facility, and counsel thereto; (d) Delaware Trust Company, as administrative agent under the Debtors' prepetition second lien credit facility, and counsel thereto; (e) counsel to the ad hoc group of holders of claims under the Debtors' prepetition first lien credit facility; (f) counsel to the ad hoc group of holders of claims under the Debtors' prepetition second lien credit facility; (g) counsel to the Sponsor; (h) the

9

United States Attorney's Office for the Southern District of Texas; (i) the Internal Revenue Service; (j) the United States Securities and Exchange Commission; (k) the state attorneys general for states in which the Debtors conduct business; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice is required.

## **No Prior Request**

12. No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Houston, Texas<br>Dated:  April 30, 2017 | */s/ Patricia B. Tomasco*<br>Patricia B. Tomasco (TX Bar No. 01797600)<br>Matthew D. Cavenaugh (TX Bar No. 24062656)<br>Jennifer F. Wertz (TX Bar No. 24072822)<br>**JACKSON WALKER L.L.P.**<br>1401 McKinney Street, Suite 1900<br>Houston, Texas 77010<br>Telephone:     (713) 752-4200<br>Facsimile:      (713) 752-4221<br>Email:             ptomasco@jw.com<br>                       mcavenaugh@jw.com<br>                       jwertz@jw.com |

-and-

Edward O. Sassower, P.C. (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900
Email:             edward.sassower@kirkland.com

-and-

James H.M. Sprayregen, P.C. (*pro hac vice* admission pending)
William A. Guerrieri (*pro hac vice* admission pending)
Bradley Thomas Giordano (*pro hac vice* admission pending)
Christopher M. Hayes (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200
Email:             james.sprayregen@kirkland.com
                       will.guerrieri@kirkland.com
                       bradley.giordano@kirkland.com
                       christopher.hayes@kirkland.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**<u>Certificate of Service</u>**

   I certify that on April 30, 2017, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                    */s/ Patricia B. Tomasco*
                    Patricia B. Tomasco