## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| AMERIFORGE GROUP INC., *et al.*,[1] | § | Case No. 17-32660 (DRJ) |
| | § | |
| Debtors. | § | (Joint Administration Pending) |
| | § | (Emergency Hearing Requested) |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER
(I) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF
PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING UTILITY
COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES,
(III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING
ADDITIONAL ASSURANCE REQUESTS, AND (IV) GRANTING RELATED RELIEF**

THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE. A HEARING WILL BE HELD ON THIS MATTER ON <u>MAY 2, 2017, AT 2:30 P.M. (CT)</u> BEFORE THE HONORABLE DAVID R. JONES, 515 RUSK STREET, COURTROOM 400, HOUSTON, TEXAS 77002.

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Ameriforge Group Inc. (7053); 230 Bodwell Corporation (3965); Advanced Joining Technologies, Inc. (6451); AF Gloenco Inc. (9958); AFG Brazil Holdings LLC (8618); AFG Brazil LLC (8720); AFG Louisiana Holdings Inc (4743); Allpoints Oilfield Services LLC (8333); Ameriforge Corporation (1649); Ameriforge Cuming Insulation LLC (0264); Century Corrosion Technologies LLC (8548); Cuming Corporation (9782); Dynafab Acquisitions Corp. (1331); Flotation Technologies LLC (4572); FR AFG Holdings, Inc. (2623); NRG Manufacturing Louisiana LLC (5823); NRG Manufacturing Inc (7544); Steel Industries Inc. (5154); Steel Industries Real Estate Holding LLC (1298); and Taper-Lok Corporation (8833). The debtors' service address is: 945 Bunker Hill Road, Suite 500, Houston, Texas 77024.

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

The above-captioned debtors and debtors in possession (together, the "Debtors") respectfully state the following in support of this motion (this "Motion"):

## Relief Requested

1.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) approving the Debtors' proposed adequate assurance of payment for future utility services, (b) prohibiting utility companies from altering, refusing, or discontinuing service, (c) approving the Debtors' proposed procedures for resolving additional adequate assurance requests, and (d) granting related relief.

## Jurisdiction, Venue, and Background

2.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012 (the "Amended Standing Order"). The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a) and 366 of title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rule 6003, and rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

2

4.      On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.   The Debtors have concurrently filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).   A detailed description surrounding the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Curtis S. Samford in Support of Chapter 11 Petitions and First Day Motions* (the "Samford Declaration"), filed contemporaneously herewith and incorporated herein by reference.[2]

### Utility Services and Proposed Adequate Assurance

### I.      The Utility Services and Utility Companies.

5.      In connection with the operation of their businesses and management of their properties, the Debtors obtain electricity, telecommunications, internet, cable, and other similar services (collectively, the "Utility Services") from a number of utility companies, electrical cooperatives, or brokers (collectively, the "Utility Companies").   A nonexclusive list of the Utility Companies that provide Utility Services to the Debtors as of the Petition Date (the "Utility Services List") is attached hereto as **Exhibit B**.[3]   The relief requested herein is requested with respect to all Utility Companies providing Utility Services to the Debtors.[4]

---

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Samford Declaration.

[3]     The inclusion of any entity on, or the omission of any entity from, the Utility Services List is not an admission by the Debtors that such entity is, or is not, a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights with respect to any such determination.

[4]     In addition, the Debtors utilize certain other services, including electric, gas, water, and waste management services, payment for which is the obligation of the Debtors' landlord under the applicable lease.  The Debtors then reimburse the landlord for such payments in accordance with the applicable lease.

KE 45570523

6.      Uninterrupted Utility Services are essential to the Debtors' ongoing business operations and the overall success of these chapter 11 cases.  More specifically, the Debtors' businesses involve multiple locations throughout the United States, and their operations require electricity, telecommunications, water, and waste management services to operate in the ordinary course without disruption.  In addition, the Debtors operate corporate offices, including their headquarters in Houston, Texas, as well as regional and field offices, which are responsible for ensuring the smooth operation of the Debtors' businesses.  These offices require electricity, telecommunications, gas, water, and internet services to operate in each of their respective locations.  Should any Utility Company refuse or discontinue service, even for a brief period, the Debtors' business operations would be severely disrupted, and such disruption would jeopardize the Debtors' ability to manage their reorganization efforts.  Accordingly, it is essential that the Utility Services continue uninterrupted during the chapter 11 cases.

7.      To the best of the Debtors' knowledge, there are no defaults or arrearages with respect to the undisputed invoices for prepetition Utility Services.  During 2016, the Debtors paid approximately $715,000, on average, each month for third-party Utility Services.

## II.      Proposed Adequate Assurance of Payment.

8.      The Debtors intend to pay postpetition obligations owed to the Utility Companies in a timely manner.  Cash held by the Debtors and cash generated in the ordinary course of business will provide sufficient liquidity to pay the Debtors' Utility Service obligations in accordance with their prepetition practice.

9.      To provide additional assurance of payment, the Debtors propose to deposit into a segregated account $204,700.78 (the "Adequate Assurance Deposit"), which represents an amount equal to approximately one half of the Debtors' average monthly cost of Utility Services, calculated based on the Debtors' average utility expenses during 2016, net of any prepetition

deposits, letters of credit, surety bonds or other similar forms of adequate assurance already provided to the Utility Companies.  The Adequate Assurance Deposit will be held in the segregated account (the "Adequate Assurance Account") for the duration of these chapter 11 cases and may be applied to any postpetition defaults in payment to the Utility Companies. The Debtors submit that the Adequate Assurance Deposit, in conjunction with the Debtors' ability to pay for future utility services in accordance with their prepetition practices (collectively, the "Proposed Adequate Assurance"), constitutes sufficient adequate assurance to the Utility Companies in full satisfaction of section 366 of the Bankruptcy Code.

**III.    The Adequate Assurance Procedures.**

10.    A Utility Company that believes additional or different adequate assurance is required may request such assurance pursuant to the following procedures (the "Adequate Assurance Procedures"):

a.    The Debtors will serve a copy of this Motion and the Order granting the relief requested herein to each Utility Company within five business days after entry of the Order by the Court.

b.    Subject to these Adequate Assurance Procedures, the Debtors will deposit the Adequate Assurance Deposit, in the aggregate amount of $204,700.78, in the Adequate Assurance Account as soon as reasonably practicable after entry of the Order granting this Motion.

c.    Each Utility Company shall be entitled to the funds in the Adequate Assurance Account in the amount set forth for such Utility Company in the column labeled "Proposed Adequate Assurance" on the Utility Services List.

d.    Any Utility Company that objects to the Proposed Adequate Assurance must serve a request for additional assurance (an "Additional Assurance Request") on (i) the Debtors, Ameriforge Group, Inc., 945 Bunker Hill Road, Suite 500, Houston, Texas 77024, Attn.:  Thomas E. Giles; (ii) proposed counsel for the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.:  Edward O. Sassower, P.C., and Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn.:  William A. Guerrieri and Christopher M. Hayes; (iii) proposed co-counsel for the Debtors, Jackson Walker L.L.P., 1401

5

McKinney Street, Suite 1900, Houston, Texas 77010, Attn.: Patricia B. Tomasco, Matthew Cavenaugh, and Jennifer Wertz; (iv) counsel to the Ad Hoc First Lien Group, Jones Day, 250 Vesey Street, New York, New York 10281, Attn.: Scott J. Greenberg and Michael J. Cohen; (v) counsel to the Ad Hoc Second Lien Group, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn.: Philip C. Dublin and Jason P. Rubin; (vi) counsel to the Sponsor, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017, Attn.: Sandy Qusba and Elisha Graff; (vii) counsel to any statutory committee appointed in these cases; and (viii) the Office of the United States Trustee, 515 Rusk Street, Suite 3516, Houston, Texas 77002 (collectively, the "Notice Parties").

e.     Any Additional Assurance Request must (i) be in writing, (ii) identify the location for which the Utility Services are provided, (iii) summarize the Debtors' payment history relevant to the affected account(s), and (iv) explain why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

f.     The Debtors may, without further order from the Court, resolve any Additional Assurance Request by mutual agreement with a Utility Company, and the Debtors may, in connection with any such agreement, provide a Utility Company with additional adequate assurance of payment, including, but not limited to, cash deposits, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable.

g.     If the Debtors and the Utility Company are not able to reach an alternative resolution within 14 days of receipt of the Additional Assurance Request, the Debtors will request a hearing before the Court at the next regularly scheduled omnibus hearing to determine the adequacy of assurances of payment with respect to a particular Utility Company (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code.

h.     Pending resolution at any such Determination Hearing, the Utility Company filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

i.     Unless a Utility Company files an objection or serves an Additional Assurance Request, such Utility Company shall be: (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code and (ii) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtors on account of any unpaid prepetition charges, or requiring additional assurance of payment other than the Proposed Adequate Assurance.

IV.    **Modifications to the Utility Services List.**

11.    To the extent the Debtors identify new or additional Utility Companies or discontinue services from existing Utility Companies, the Debtors seek authority to add or remove parties from the Utility Services List.  For any Utility Company that is subsequently added to the Utility Services List, the Debtors will serve such Utility Company with a copy of the Court's order regarding Utility Services, including the Adequate Assurance Procedures. The Debtors request that the terms of such Utility Services order and the Adequate Assurance Procedures apply to any subsequently identified Utility Company.

## Basis for Relief

12.    Section 366 of the Bankruptcy Code protects a debtor against the immediate termination or alteration of utility services after the Petition Date.  *See* 11 U.S.C. § 366. Section 366(c) of the Bankruptcy Code requires the debtor to provide "adequate assurance" of payment for postpetition services in a form "satisfactory" to the utility company within thirty days of the petition, or the utility company may alter, refuse, or discontinue service.  11 U.S.C. § 366(c)(2).   Section 366(c)(1) of the Bankruptcy Code provides a non-exhaustive list of examples for what constitutes "assurance of payment."   11 U.S.C. § 366(c)(1).   Although assurance of payment must be "adequate," it need not constitute an absolute guarantee of the debtors' ability to pay.  *See, e.g.*, *In re Great Atl. & Pac. Tea Co.*, 2011 WL 5546954, at *5 (Bankr. S.D.N.Y. Nov. 14, 2011) (finding that "[c]ourts will approve an amount that is adequate enough to insure against unreasonable risk of nonpayment, but are not required to give the equivalent of a guaranty of payment in full"); *In re Caldor, Inc.*, 199 B.R. 1, 3 (S.D.N.Y. 1996) ("Section 366(b) requires . . . 'adequate assurance' of payment.  The statute does not require an absolute guarantee of payment." (citation omitted)), *aff'd sub nom. Va. Elec. & Power Co. v. Caldor, Inc.*, 117 F.3d 646 (2d Cir. 1997); *see also In re Tekoil & Gas Corp.*,

No. 08-80270G3-11, 2008 WL 2928555, at *2 n.1 (Bankr. S.D. Tex. July 21, 2008) ("[A] debtor may continue to pay a utility, and a utility may continue to provide service, in the absence of an injunction preventing the utility from terminating service." (citing *In re Viking Offshore (USA) Inc.*, No. 08-31219-H3-11, 2008 WL 782449, at *3 n.3 (Bankr. S.D. Tex. Mar. 20, 2008)).

13.     When considering whether a given assurance of payment is "adequate," the Court should examine the totality of the circumstances to make an informed decision as to whether the Utility Company will be subject to an unreasonable risk of nonpayment.  *See In re Keydata Corp.*, 12 B.R. 156, 158 (B.A.P. 1st Cir. 1981) (citing *In re Cunha*, 1 B.R. 330 (Bankr. E.D. Va. 1979)); *In re Adelphia Bus. Solutions, Inc.*, 280 B.R. 63, 82–83 (Bankr. S.D.N.Y. 2002). In determining the level of adequate assurance, however, "a bankruptcy court must focus upon the need of the utility for assurance, and . . . require that the debtor supply no more than that, since the debtor almost perforce has a conflicting need to conserve scarce financial resources." *Va. Elec. & Power Co.*, 117 F.3d at 650 (internal quotations omitted) (citing *In re Penn Jersey Corp.*, 72 B.R. 981, 985 (Bankr. E.D. Pa. 1987)).

14.     Here, the Utility Companies are adequately assured against any risk of non-payment for future services.  The Adequate Assurance Deposit, and the Debtors' ongoing ability to meet obligations as they come due in the ordinary course, provides assurance of the Debtors' payment of their future obligations.  Moreover, termination of the Utility Services could result in the Debtors' inability to operate their businesses to the detriment of all stakeholders.  *In re Pilgrim's Pride Corp.*, No. 08-45664 (DML), 2009 WL 7313309, at *2 (Bankr. N.D. Tex. Jan. 4, 2009) ("The consequences of an unexpected termination of utility service to [the debtors] could be catastrophic."); *cf. In re Monroe Well Serv., Inc.*, 83 B.R. 317, 321–22 (Bankr. E.D. Pa. 1988) (noting that without utility service the debtors "would have to

8

cease operations" and that section 366 of the Bankruptcy Code "was intended to limit the leverage held by utility companies, not increase it").

15.     Courts are permitted to fashion reasonable procedures, such as the Adequate Assurance Procedures proposed herein, to implement the protections afforded under section 366 of the Bankruptcy Code.  *See, e.g.*, *In re Circuit City Stores Inc.*, No. 08-35653, 2009 WL 484553, at *5 (Bankr. E.D. Va. Jan. 14, 2009) (stating that "the plain language of § 366 of the Bankruptcy Code allows the court to adopt the Procedures set forth in the Utility Order").  Such procedures are important because, without them, the Debtors "could be forced to address numerous requests by utility companies in an unorganized manner at a critical period in their efforts to reorganize."  *Id.*  Here, notwithstanding a determination that the Debtors' Proposed Adequate Assurance constitutes sufficient adequate assurance, any rights the Utility Companies believe they have under sections 366(b) and (c)(2) of the Bankruptcy Code are wholly preserved under the Adequate Assurance Procedures.  *See id.* at *5–6.  The Utility Companies still may choose, in accordance with the Adequate Assurance Procedures, to request modification of the Proposed Adequate Assurance.  *See id.* at *6.  The Adequate Assurance Procedures, however, avoid a haphazard and chaotic process whereby each Utility Company could make an extortionate, last-minute demand for adequate assurance that would force the Debtors to pay under the threat of losing critical Utility Services.  *See id.* at *5.

16.     The Adequate Assurance Procedures are reasonable and in accord with the purposes of section 366 of the Bankruptcy Code, and thus the Debtors respectfully request that Court grant the relief requested herein.  Indeed, similar procedures have been approved by courts in this district.  *See, e.g.*, *In re Stone Energy Corp.*, No. 16-36390 (MI) (Bankr. S.D. Tex. Dec. 16, 2016); *In re Ill. Power Generating Co.*, No. 16-36326 (MI) (Bankr. S.D. Tex. Dec. 12.

KE 45570523

2016); *In re Linn Energy, LLC*, No. 16-60040 (DRJ) (Bankr. S.D. Tex. May 13, 2016); *In re Sherwin Alumina Co.*, No. 16-20012 (DRJ) (Bankr. S.D. Tex. Feb. 10, 2016); *In re RAAM Glob. Energy Co.*, No. 15-35615 (MI) (Bankr. S.D. Tex. Nov. 18, 2015).[5]

17.     Further, the Court possesses the power, under section 105(a) of the Bankruptcy Code, to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  The Adequate Assurance Procedures and the Proposed Adequate Assurance are necessary and appropriate to carry out the provisions on the Bankruptcy Code, particularly section 366 thereof.  Accordingly, the Court should exercise its powers under sections 366 and 105(a) of the Bankruptcy Code and approve both the Adequate Assurance Procedures and the Proposed Adequate Assurance.

### Processing of Checks and Electronic Fund Transfers Should Be Authorized

18.     The Debtors have sufficient funds to pay the amounts described in this Motion in the ordinary course of business by virtue of expected cash flows from ongoing business operations and anticipated access to cash collateral and/or postpetition financing.  In addition, under the Debtors' existing cash management system, the Debtors can readily identify checks or wire transfer requests as relating to an authorized payment in respect of the Utility Services. Accordingly, the Debtors believe there is minimal risk that checks or wire transfer requests the Court has not authorized will be made inadvertently.  Therefore, the Debtors respectfully request that the Court authorize and direct all applicable financial institutions, when requested by the Debtors, to receive, process, honor, and pay any and all checks or wire transfer requests in respect of the relief requested in this Motion.

---

[5]     Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

## Emergency Consideration

19.     In accordance with Bankruptcy Local Rule 9013-1(i), the Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm."  As set forth in this Motion, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm.  Furthermore, the failure to receive the requested relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture.  Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

## Waiver of Bankruptcy Rule 6004(a) and 6004(h)

20.     To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

## Reservation of Rights

21.     Nothing contained herein is intended or shall be construed as:  (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (e) an admission as to the validity, enforceability, or perfection of any lien on,

11

security interest in, or other encumbrance on property of the Debtors' estates; or (f) a waiver of any claims or causes of action which may exist against any entity.

### Notice

22.     The Debtors will provide notice of this Motion to:  (a) the Office of the U.S. Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) Deutsche Bank Trust Company Americas, as administrative agent under the Debtors' prepetition first lien credit facility, and counsel thereto; (d) Delaware Trust Company, as administrative agent under the Debtors' prepetition second lien credit facility, and counsel thereto; (e) counsel to the ad hoc group of holders of claims under the Debtors' prepetition first lien credit facility; (f) counsel to the ad hoc group of holders of claims under the Debtors' prepetition second lien credit facility; (g) counsel to the Sponsor; (h) the United States Attorney's Office for the Southern District of Texas; (i) the Internal Revenue Service; (j) the United States Securities and Exchange Commission; (k) the state attorneys general for states in which the Debtors conduct business; (l) the Utility Companies; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice is required.

### No Prior Request

23.     No prior request for the relief sought in this Motion has been made to this or any other court.


[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Houston, Texas | /s/ Patricia B. Tomasco |
| Dated:  April 30, 2017 | Patricia B. Tomasco (TX Bar No. 01797600) |

Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
**JACKSON WALKER L.L.P.**
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:    (713) 752-4200
Facsimile:    (713) 752-4221
Email:        ptomasco@jw.com
              mcavenaugh@jw.com
              jwertz@jw.com

-and-

Edward O. Sassower, P.C. (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        edward.sassower@kirkland.com

-and-

James H.M. Sprayregen, P.C. (*pro hac vice* admission pending)
William A. Guerrieri (*pro hac vice* admission pending)
Bradley Thomas Giordano (*pro hac vice* admission pending)
Christopher M. Hayes (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        james.sprayregen@kirkland.com
              will.guerrieri@kirkland.com
              bradley.giordano@kirkland.com
              christopher.hayes@kirkland.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

### Certificate of Service

I certify that on April 30, 2017, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ Patricia B. Tomasco
Patricia B. Tomasco