**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| AMERIFORGE GROUP INC., *et al.*,[1] | § | Case No. 17-32660 (DRJ) |
| | § | |
| Reorganized Debtors. | § | (Jointly Administered) |
| | § | |

**NOTICE OF FINAL FEE APPLICATION OF KIRKLAND & ELLIS LLP AND**
**KIRKLAND & ELLIS INTERNATIONAL LLP, ATTORNEYS FOR THE DEBTORS**
**AND DEBTORS IN POSSESSION, FOR THE PERIOD FROM MAY 1, 2017**
**THROUGH AND INCLUDING JUNE 8, 2017**

PLEASE TAKE NOTICE that attached hereto is the Final Fee Application of Kirkland &

Ellis LLP and Kirkland & Ellis International LLP, Attorneys for the Debtors and Debtors in

Possession, for the Period from May 1, 2017 Through and Including June 8, 2017.

Respectfully submitted this 19th day of July, 2017.

JACKSON WALKER L.L.P.

By: */s/ Patricia B. Tomasco*
    Patricia B. Tomasco
    State Bar No. 01797600
    1401 McKinney Street, Suite 1900
    Houston, Texas 77010
    Telephone: 713-752-4200
    Facsimile: 512-236-2002
    Email: ptomasco@jw.com

Co-Counsel to the Debtors

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Ameriforge Group Inc. (7053); 230 Bodwell Corporation (3965); Advanced Joining Technologies, Inc. (6451); AF Gloenco Inc. (9958); AFG Brazil Holdings LLC (8618); AFG Brazil LLC (8720); AFG Louisiana Holdings Inc (4743); Allpoints Oilfield Services LLC (8333); Ameriforge Corporation (1649); Ameriforge Cuming Insulation LLC (0264); Century Corrosion Technologies LLC (8548); Cuming Corporation (9782); Dynafab Acquisitions Corp. (1331); Flotation Technologies LLC (4572); FR AFG Holdings, Inc. (2623); NRG Manufacturing Louisiana LLC (5823); NRG Manufacturing Inc (7544); Steel Industries Inc. (5154); Steel Industries Real Estate Holding LLC (1298); and Taper-Lok Corporation (8833). The Debtors' service address is: 945 Bunker Hill Road, Suite 500, Houston, Texas 77024.

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| AMERIFORGE GROUP INC., *et al.*,[1] | § | Case No. 17-32660 (DRJ) |
| | § | |
| Reorganized Debtors. | § | (Jointly Administered) |
| | § | |

**SUMMARY COVER SHEET TO THE FINAL FEE APPLICATION**
**OF KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS INTERNATIONAL**
**LLP, ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION,**
**FOR THE PERIOD FROM MAY 1, 2017 THROUGH AND INCLUDING JUNE 8, 2017**

| Name of Applicant | | Kirkland & Ellis LLP and Kirkland & Ellis International LLP |
|---|---|---|
| Applicant's professional role in case | | Counsel to the Debtors and Debtors in Possession |
| Indicate whether this is an application for pre or post confirmation services | | This is the final fee application for the period May 1, 2017, through and including June 8, 2017 |
| Effective date of order approving professional's retention | | June 9, 2017, *nunc pro tunc* to April 30, 2017 |
| | **Beginning of Period** | **Ending of Period** |
| Time period covered in application | May 1, 2017 | June 8, 2017 |

---

[1]   The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are:  Ameriforge Group Inc. (7053); 230 Bodwell Corporation (3965); Advanced Joining Technologies, Inc. (6451); AF Gloenco Inc. (9958); AFG Brazil Holdings LLC (8618); AFG Brazil LLC (8720); AFG Louisiana Holdings Inc (4743); Allpoints Oilfield Services LLC (8333); Ameriforge Corporation (1649); Ameriforge Cuming Insulation LLC (0264); Century Corrosion Technologies LLC (8548); Cuming Corporation (9782); Dynafab Acquisitions Corp. (1331); Flotation Technologies LLC (4572); FR AFG Holdings, Inc. (2623); NRG Manufacturing Louisiana LLC (5823); NRG Manufacturing Inc (7544); Steel Industries Inc. (5154); Steel Industries Real Estate Holding LLC (1298); and Taper-Lok Corporation (8833). The Reorganized Debtors' service address is:  945 Bunker Hill Road, Suite 500, Houston, Texas 77024.

| Name of Applicant | Kirkland & Ellis LLP and Kirkland & Ellis International LLP |
|---|---|
| Total fees applied for in this application and in all prior applications (including any retainer amounts applied or to be applied) | $1,128,095.50 |
| Total fees applied for in this application (including any retainer amounts to be applied) | $1,128,095.50 |
| Total professional fees requested in this application | $1,090,045.00 |
| Total actual professional hours covered by this application | 1,330.80 |
| Average hourly rate for professionals | $819.09 |
| Total paraprofessional fees requested in this application | $38,050.50 |
| Total actual paraprofessional hours covered by this application | 112.00 |
| Average hourly rate for paraprofessionals | $339.74 |
| Reimbursable expenses sought in this application | $41,147.24 |
| Total to be paid to priority unsecured creditors under the Plan | Article III of the *Joint Prepackaged Chapter 11 Plan of Reorganization for Ameriforge Group Inc. and its Debtor Affiliates*, dated May 1, 2017 [Docket No. 18] (the "Plan")[2] sets forth the proposed treatment for priority unsecured claims. |
| Percentage dividend to priority unsecured creditors under the Plan | Article III of the Plan sets forth the proposed treatment for priority unsecured claims. |
| Total to be paid to unsecured creditors under the Plan | Article III of the Plan sets forth the proposed treatment for unsecured claims. |
| Percentage dividend to unsecured creditors under the Plan | Article III of the Plan sets forth the proposed treatment for unsecured claims. |
| Date of confirmation hearing | May 19, 2017 |
| Indicate whether plan has been confirmed | Yes [Docket No. 142] |

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan.

Houston, Texas

Date: July 19, 2017

/s/ Edward O. Sassower, P.C.

Edward O. Sassower, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
William A. Guerrieri (admitted *pro hac vice*)
Bradley Thomas Giordano (admitted *pro hac vice*)
Christopher M. Hayes (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Co-Counsel to the Reorganized Debtors*

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| AMERIFORGE GROUP INC., *et al.*,[1] | § | Case No. 17-32660 (DRJ) |
| | § | |
| Reorganized Debtors. | § | (Jointly Administered) |
| | § | |

## FINAL FEE APPLICATION OF KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS INTERNATIONAL LLP, ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD FROM MAY 1, 2017 THROUGH AND INCLUDING JUNE 8, 2017

> THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.
>
> REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY

---

[1]   The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Ameriforge Group Inc. (7053); 230 Bodwell Corporation (3965); Advanced Joining Technologies, Inc. (6451); AF Gloenco Inc. (9958); AFG Brazil Holdings LLC (8618); AFG Brazil LLC (8720); AFG Louisiana Holdings Inc (4743); Allpoints Oilfield Services LLC (8333); Ameriforge Corporation (1649); Ameriforge Cuming Insulation LLC (0264); Century Corrosion Technologies LLC (8548); Cuming Corporation (9782); Dynafab Acquisitions Corp. (1331); Flotation Technologies LLC (4572); FR AFG Holdings, Inc. (2623); NRG Manufacturing Louisiana LLC (5823); NRG Manufacturing Inc (7544); Steel Industries Inc. (5154); Steel Industries Real Estate Holding LLC (1298); and Taper-Lok Corporation (8833). The Reorganized Debtors' service address is: 945 Bunker Hill Road, Suite 500, Houston, Texas 77024.

Kirkland & Ellis LLP and Kirkland & Ellis International LLP (collectively, "K&E"), attorneys for the above-captioned reorganized debtors (collectively, the "Reorganized Debtors"), hereby submits its final fee application (the "Fee Application") for allowance of compensation for professional services provided in the amount of $1,128,095.50 and reimbursement of actual and necessary expenses in the amount of $41,147.24 that K&E incurred for the period from May 1, 2017 through June 8, 2017 (the "Fee Period").  In support of this Fee Application, K&E submits the declaration of Edward O. Sassower, a partner at K&E, (the "Sassower Declaration"), which is attached hereto as **Exhibit A** and incorporated by reference.  In further support of this Fee Application, K&E respectfully states as follows.

## Jurisdiction

1.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 2016-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "Local Bankruptcy Rules"), and the *Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [Docket No. 164] (the "Retention Order").

## Background

4.      On April 30, 2017 (the "Petition Date"), each of the Reorganized Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On May 1, 2017, the Court entered an order [Docket No. 37] authorizing the joint administration and procedural consolidation of the Reorganized Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  No entity has requested the appointment of a trustee or examiner in these chapter 11 cases.

5.      A description of the Reorganized Debtors' businesses, the reasons for commencing the chapter 11 cases, and the relief sought from the Court to allow for a smooth transition into chapter 11 are set forth in the *Declaration of Curtis S. Samford in Support of Chapter 11 Petitions and First Day Motions*, filed on May 1, 2017 [Docket No. 21] and incorporated herein by reference.

6.      Because of the prepackaged nature of these chapter 11 cases, the Reorganized Debtors did not seek entry of an interim compensation order.  Thus, K&E seeks approval in this Fee Application of all fees and expenses incurred during the Fee Period on a final basis.

## Preliminary Statement

7.      During the Fee Period, K&E represented the Reorganized Debtors professionally and diligently, advising them on a variety of complex matters and issues, as a result of which the Reorganized Debtors took action to maximize the value of their estates for the benefit of all parties in interest.

8.      During the Fee Period, K&E, together with the Reorganized Debtors' other professionals, assisted the Reorganized Debtors in negotiating with the Debtor's prepetition secured lenders, addressing matters related to the chapter 11 process, managing operations in chapter 11, coordinating with the U.S. Trustee and other parties in interest, and swiftly and

effectively confirming and consummating the Plan, including related corporate restructuring efforts.

9.      The success of these chapter 11 cases, including the consensus achieved and presented at the confirmation hearing, is directly attributable to the extensive efforts of the Reorganized Debtors' management and advisor teams, including K&E.  The speed with which the Reorganized Debtors have been able to complete the chapter 11 process is a testament to the work done prepetition to resolve large claims against the Reorganized Debtors and build consensus with the Prepetition Secured Parties.  As such, the costs of the Chapter 11 Cases have been minimized and the total compensation billed is in line with the amount originally budgeted by the Reorganized Debtors and K&E.

10.      K&E respectfully submits that the compensation and expense reimbursement sought herein for the necessary and beneficial professional services K&E provided to the Reorganized Debtors during the Fee Period is reasonable and appropriate, commensurate with the scale, nature, and complexity of these chapter 11 cases, and should be allowed on a final basis.

## Case Status Summary

11.      The Court confirmed the Plan on May 22, 2017 (the "Confirmation Date").  The Plan was substantially consummated on June 8, 2017 (the "Effective Date"), and the Reorganized Debtors emerged from chapter 11 as a reorganized enterprise.

## The Reorganized Debtors' Retention of K&E

12.      On June 9, 2017, the Court entered the Retention Order attached hereto as **Exhibit B** and incorporated by reference.  The Retention Order authorizes the Reorganized Debtors to compensate and reimburse K&E in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.  The Retention Order also authorizes the

Reorganized Debtors to compensate K&E at K&E's hourly rates charged for services of this type and to reimburse K&E for K&E's actual and necessary out-of-pocket expenses incurred, subject to application to this Court. The particular terms of K&E's engagement are detailed in the engagement letter by and between K&E and the Reorganized Debtors, effective as of November 14, 2016 and attached hereto as **Exhibit C** (the "Engagement Letter").

13. The Retention Order authorizes K&E to provide the following services consistent with and in furtherance of the services enumerated above:

    a.      advising the Reorganized Debtors with respect to their powers and duties as debtors-in-possession in the continued management and operation of their business and properties;

    b.      preparing pleadings, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Reorganized Debtors' estates and consistent with the services identified in the Retention Order;

    c.      appearing before the Court and any appellate courts to represent the interests of the Reorganized Debtors' estates before those courts in connection with the services in the Retention Order; and

    d.      performing all other legal services reasonably necessary or otherwise beneficial for the Reorganized Debtors in connection with these chapter 11 cases.

## Disinterestedness of K&E

14. To the best of the Reorganized Debtors' knowledge and as disclosed in the *Declaration of Edward O. Sassower in Support of the Debtors' Application for the Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [Docket No. 148-B] (the "K&E Declaration"), (a) K&E is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest

4

adverse to the Reorganized Debtors' estates, and (b) K&E has no connection to the Reorganized Debtors, their creditors, or other parties in interest, except as may be disclosed in the K&E Declaration.

15.     K&E may have in the past represented, may currently represent, and likely in the future will represent parties in interest in connection with matters unrelated to the Reorganized Debtors in these chapter 11 cases.  In the K&E Declaration, K&E disclosed its connections to parties in interest that it has been able to ascertain using its reasonable efforts.

16.     K&E performed the services for which it is seeking compensation on behalf of the Reorganized Debtors and their estates and not on behalf of any committee, creditor, or other entity.

17.     Except to the extent of the advance payments paid to K&E that K&E previously disclosed to this Court in the K&E Declaration, K&E has received no payment and no promises for payment from any source other than the Reorganized Debtors for services provided or to be provided in any capacity whatsoever in connection with these chapter 11 cases.

18.     Pursuant to Bankruptcy Rule 2016(b), K&E has not shared, nor has K&E agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel, and associates of K&E or (b) any compensation another person or party has received or may receive.

## Fees and Expenses Incurred During Fee Period

### A.     Customary Billing Disclosures.

19.     K&E's hourly rates are set at a level designed to compensate K&E fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses.  The hourly rates and corresponding rate structure utilized by K&E in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by K&E for other restructuring matters, as

well as similar complex corporate, securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required.  The rates and rate structure reflect that such restructuring and other complex matters typically are national in scope and typically involve great complexity, high stakes, and severe time pressures.  For the convenience of the Court and all parties in interest, attached hereto as **Exhibit D** and **Exhibit E** are a budget and staffing plan and a summary of blended hourly rates for timekeepers who billed to non-bankruptcy matters and blended hourly rates for timekeepers who billed to the Reorganized Debtors during the Fee Period, respectively.

**B.**     **Fees Incurred During Fee Period**.

20.     In the ordinary course of K&E's practice, K&E maintains computerized records of the time expended to render the professional services required by the Reorganized Debtors and their estates.  For the convenience of the Court and all parties in interest, attached hereto as **Exhibit F** is a summary of fees incurred and hours expended during the Fee Period, setting forth the following information:

- the name of each attorney and paraprofessional for whose work on these chapter 11 cases compensation is sought;

- each attorney's year of bar admission and area of practice concentration;

- the aggregate time expended and fees billed by each attorney and each paraprofessional during the Fee Period;

- the hourly billing rate for each attorney and each paraprofessional at K&E's current billing rates;

- the hourly billing rate for each attorney and each paraprofessional;

- the number of rate increases since the inception of the case; and

- a calculation of total compensation requested using the rates disclosed in the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as*

*Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* (the "Retention Application").

**C.   Expenses Incurred During Fee Period**.

21.     In the ordinary course of K&E's practice, K&E maintains a record of expenses incurred in the rendition of the professional services required by the Reorganized Debtors and their estates and for which reimbursement is sought.  K&E currently charges $0.16 per page for standard duplication in its offices in the United States.  Notwithstanding the foregoing and consistent with the Local Bankruptcy Rules, K&E charged no more than $0.10 per page for standard duplication services in these chapter 11 cases.  K&E does not charge its clients for incoming facsimile transmissions.

22.     For the convenience of the Court and all parties in interest, attached hereto as **Exhibit G** is a summary for the Fee Period, setting forth the total amount of reimbursement sought with respect to each category of expenses for which K&E is seeking reimbursement.

**Summary of Legal Services Rendered During the Fee Period**

23.     As discussed above, during the Fee Period, K&E provided extensive and important professional services to the Reorganized Debtors in connection with these chapter 11 cases.  These services were often performed under severe time constraints and were necessary to address a multitude of critical issues both unique to these chapter 11 cases and typically faced by large corporate Reorganized Debtors in similar cases of this magnitude and complexity.

24.     To provide a meaningful summary of K&E's services provided on behalf of the Reorganized Debtors and their estates, K&E has established, in accordance with its internal billing procedures, certain subject matters categories (each, a "Matter Category") in connection with these chapter 11 cases.  The following is a summary of the fees and hours billed for each

Matter Category in the Fee Period:[1]

| Matter Number | Project Category Description | Hours | | Total Compensation | |
|---|---|---|---|---|---|
| | | Budgeted | Billed | Budgeted | Billed |
| 0002 | Chapter 11 Filing | 132-148 | 41.60 | $100,00-$112,000 | $32,749.00 |
| 0003 | Case Administration | 45-56 | 15.30 | $32,600-$40,0000 | $3,751.00 |
| 0004 | Plan, Disclosure Statement, Confirmation | 620-694 | 396.90 | $550,00-$650,000 | $306,129.00 |
| 0005 | K&E Fee, Employment Application, Object. | 58-64 | 36.80 | $42,500-$47,600 | $25,079.50 |
| 0006 | Non-K&E Fee, Employment, Objection | 67-75 | 7.90 | $0.00-$24,450 | $5,130.00 |
| 0008 | U.S. Trustee Issues | 35-45 | 6.20 | $32,500-$36,400 | $5,242.00 |
| 0009 | Business Operations | 81-90 | 3.50 | $60,000-$67,200 | $3,120.50 |
| 0010 | Corporate and Securities Issues | 55-69 | 83.80 | $57,050-$70,000 | $56,836.00 |
| 0011 | Cash Management | 68-76 | 8.60 | $60,000-$67,200 | $6,700.00 |
| 0012 | DIP, Cash Collateral, Exit Financing | 421-471 | 738.70 | $400,000-$450,000 | $602,460.00 |
| 0013 | Employee Issues | 20-25 | 12.80 | $16,300-$20,000 | $10,611.50 |
| 0014 | Insurance | 20-25 | 2.80 | $16,300-$20,000 | $2,738.00 |
| 0015 | Vendor and Supplier Issues | 80-90 | 7.70 | $75,000-$84,000 | $4,825.00 |
| 0016 | Utilities | 45-55 | 2.20 | $35,000-$39,200 | $1,609.00 |
| 0017 | Creditor Communications | 70-80 | 1.40 | $62,500-$70,000 | $1,449.00 |
| 0018 | Taxes | 50-63 | 3.20 | $40,750-$50,000 | $3,600.00 |
| 0020 | Automatic Stay Issues | 30-38 | 0.30 | $24,450-$30,000 | $114.00 |
| 0022 | Hearings | 145-162 | 34.30 | $146,300-$164,500 | $26,290.00 |
| 0026 | Non-Working Travel Time | 125-156 | 38.80 | $40,750-$50,000 | $29,662.00 |
| 0027 | Expenses | 0-0 | 0.00 | $0.00-$0.00 | $0.00 |
| **Total** | | **2,167-2,482** | **1,442.80** | **$1,792,000-$2,092,550.00** | **$1,128,095.50** |

25.     The following is a summary, by Matter Category, of the most significant professional services provided by K&E during the Fee Period.  This summary is organized in accordance with K&E's internal system of matter numbers.   The detailed descriptions demonstrate that K&E was heavily involved in performing services for the Reorganized Debtors on a daily basis, often including night and weekend work, to meet the needs of the Reorganized Debtors' estates in these chapter 11 cases.  A schedule setting forth a description of the Matter Categories utilized in this case, the number of hours expended by K&E partners, associates and paraprofessionals by matter, and the aggregate fees associated with each matter is attached hereto as **Exhibit H**.

---

[1]     In certain instances K&E may have billed the same amount of fees, but different amount of hours to different matter categories.  This difference is the result of different staffing of each such matter category.

26.     In addition, K&E's computerized records of time expended providing professional services to the Reorganized Debtors and their estates are attached hereto as **Exhibit I**, and K&E's records of expenses incurred during the Fee Period in the rendition of professional services to the Reorganized Debtors and their estates are attached as **Exhibit J**.

      (a)      **Chapter 11 Filing [Matter No. 2]**

            Total Fees:     $32,749.00
            Total Hours:   41.60

27.     This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services relating to the filing of the Reorganized Debtors' chapter 11 petitions and various "first day" pleadings and related notices during the initial days of these chapter 11 cases, including, without limitation, (a) reviewing and revising the Reorganized Debtors' petitions and "first day" motions, proposed orders, affidavits and notices and (b) preparing for the "first day" hearing, including drafting hearing notices and related materials and preparing potential witnesses in connection with certain of the first day motions.

28.     The Reorganized Debtors filed several motions seeking orders authorizing the payment of various prepetition claims.  Entry of these orders, among other things, authorized the Reorganized Debtors to (a) pay certain prepetition employee wages and benefits; (b) maintain cash management systems; (c) use prepetition bank accounts, checks and other business forms; (d) make tax payments to federal, local, and state taxing authorities; and (e) pay certain trade claims.

      (b)      **Case Administration [Matter No. 3]**

            Total Fees:     $3,751.00
            Total Hours:   15.30

29.     This Matter Category includes time spent on a variety of tasks that were necessary to ensure the efficient and smooth administration of legal services related to the

Reorganized Debtors' chapter 11 cases.  Specifically, K&E attorneys and paraprofessionals spent time:

> (i)   managing and administering these chapter 11 cases on a daily basis, including tracking critical dates and establishing procedures for case administration and docket monitoring;
>
> (ii)   organizing and maintaining voluminous document files for these cases;
>
> (iii)   ensuring compliance with the service and notice requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules, including coordinating service of pleadings and other related notices with the notice and claims agent retained in these chapter 11 cases;
>
> (iv)   ensuring compliance with all of the other applicable requirements of the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules, and orders or procedures issued by the Court; and
>
> (v)   conducting regular status conferences both internally and with the Reorganized Debtors and their other advisors.

30.   The Reorganized Debtors filed numerous pleadings in these chapter 11 cases during the Fee Period.  In connection with these filings, K&E prepared notices of motions, proposed orders, exhibits and schedules, as applicable.  Additionally, K&E coordinated the delivery of such pleadings to the Court and to the U.S. Trustee.  To the extent possible, K&E's paraprofessionals attended to these general administrative matters.

31.   In addition, K&E paraprofessionals monitored the dockets for these chapter 11 cases to track the filing of pleadings and to remain apprised of critical dates, including those related to such pleadings.  For each pleading filed, K&E paraprofessionals ensured that the appropriate attorneys and personnel of the Reorganized Debtors and the Reorganized Debtors' other advisors remained apprised of the filed documents and relevant objection and response deadlines, hearing dates and other critical dates.

(c)      **Disclosure Statement, Plan, Confirmation [Matter No. 4]**

Total Fees:     $306,129.00
Total Hours:   396.90

32.      This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to negotiating, confirming, and consummating the Plan, obtaining approval of the disclosure statement, and negotiating and implementing certain restructuring transactions embodied in the Plan.     Specifically, K&E attorneys and paraprofessionals spent time:

(i)      negotiating with the prepetition lenders and their respective advisors to reach consensual resolutions of their respective issues related to the Plan;

(ii)     negotiating and preparing the documents comprising the plan supplement;

(iii)    preparing and filing the Reorganized Debtors' brief in support of confirmation and supporting declarations [Docket Nos. 93, and 94];

(iv)     preparing for the Confirmation Hearing;

(v)      coordinating numerous conferences with counsel to the prepetition lenders to discuss the Reorganized Debtors' exit financing;

(vi)     reviewing the tax related sections of the exit financing loan documentation;

(vii)    negotiating and documenting the exit financing credit documents and accompanying schedules; and

(viii)   participating in numerous telephone and office conferences, corresponding with, and drafting correspondence to send to the Reorganized Debtors, their advisors, and other parties in interest with respect to all of the foregoing.

**(d)**     **K&E Retention & Fee Applications [Matter No. 5]**

Total Fees:     $25,079.50
Total Hours:    36.80

33.     This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to the retention of K&E as the Reorganized Debtors' counsel. Specifically, K&E attorneys and paraprofessionals spent time:

> (i)     preparing a comprehensive conflict analysis necessary to obtain the order of the Court approving the employment of K&E to represent the Reorganized Debtors;
>
> (ii)     implementing internally established procedures which require the continuous analysis of potential new conflicts;
>
> (iii)     preparing and filing the Retention Application;
>
> (iv)     engaging with the U.S. Trustee regarding the U.S. Trustee's informal comments to the Retention Application; and
>
> (v)     drafting and filing a proposed order authorizing K&E's retention, which order was entered by the Court on June 9, 2017 [Docket No. 164].

**(e)**     **Non-K&E Retention & Fee Applications [Matter No. 6]**

Total Fees:     $5,130.00
Total Hours:    7.90

34.     This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to ensuring the retention of the Reorganized Debtors' other professionals in these chapter 11 cases. Specifically, K&E attorneys and paraprofessionals spent time:

> (i)     reviewing the engagement letters of the Reorganized Debtors' other professionals;
>
> (ii)     preparing retention applications for such professionals.

(f)   **Corporate Governance & Securities Issues [Matter No. 10]**

Total Fees:    $56,836.00
Total Hours:   83.80

35.    This Matter Category includes time spent by K&E attorneys and paraprofessionals advising the Reorganized Debtors' Board of Directors during the pendency of these chapter 11 cases.  Specifically, K&E attorneys and paraprofessionals spent time:

(i)    communicating with the Reorganized Debtors' officers on the status of the chapter 11 cases;

(ii)   attending and providing advice at board of directors meetings;

(iii)  analyzing various corporate governance issues related to the chapter 11 cases,

(iv)   coordinating with the Reorganized Debtors, their advisors, and their prepetition lenders regarding the Reorganized Debtors' corporate structure;

(v)    drafting and revising various corporate governance agreements and documents.

(g)   **DIP, Cash Collateral, Exit Financing [Matter No. 12]**

Total Fees:    $602,460.00
Total Hours:   738.70

36.    This Matter Category includes time spent by K&E attorneys and paraprofessionals negotiating and securing the use of cash collateral during these chapter 11 cases and negotiating, documenting, and closing on a debtor-in-possession credit facility on terms that provided the Reorganized Debtors with the necessary liquidity to fund the Reorganized Debtors' operations during these chapter 11 cases and their go-forward business needs.  Specifically, K&E attorneys and paraprofessionals spent time:

(i)    reviewing and analyzing the Reorganized Debtors' credit agreements, financing records and related documents;

(ii)   negotiating the consensual use of cash collateral with counsel to the DIP Lenders;

(iii)    negotiating and resolving all issues and concerns of parties in interest related to the Reorganized Debtors' motion for entry of an order authorizing the Reorganized Debtors to enter into the DIP Facility and use cash collateral [Docket No. 19] (the "<u>DIP Motion</u>");

(iv)    preparing for the hearings on approval of the DIP Motion and obtaining interim and final approval of the DIP Motion [Docket Nos. 60, 141].

**(h)**    <u>Tax Issues [Matter No. 18]</u>

Total Fees:    $3,600.00
Total Hours:  3.20

37.    This Matter Category includes time spent by K&E attorneys and paraprofessionals conducting legal research, preparing correspondence and pleadings, and generally advising the Reorganized Debtors on tax issues relating to or arising during the chapter 11 cases.  During the Fee Period, K&E attorneys were responsible for researching and analyzing certain tax issues arising in connection with the Reorganized Debtors' business operations, as well as the tax treatment of various potential restructuring transactions.

**(i)**    <u>Hearings [Matter No. 22]</u>

Total Fees:    $26,290.00
Total Hours:  34.30

38.    This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to preparing for and attending the hearings during the Fee Period (each a "<u>Hearing</u>" and, collectively, the "<u>Hearings</u>"), including preparing agendas, orders, and binders related to Hearings, settling orders before and after Hearings, and corresponding with various parties in preparation for, and after the Hearings.  These services also included conferences to discuss multiple matters scheduled for a specific Hearing and coordinating Hearing logistics.  During the Fee Period, K&E attorneys and paraprofessionals spent considerable time preparing for and attending Hearings.

14

(j)    **Non-Working Travel Time [Matter No. 26]**

Total Fees:    $29,662.00
Total Hours:    38.80

39.    This   Matter   Category   includes   time   spent   by   K&E   attorneys   and paraprofessionals providing services relating to traveling in connection with their representation of the Reorganized Debtors.  The amounts presented for review and the request for payment in the Fee Application reflect a reduction of one half the charges for travel time.

### Actual and Necessary Expenses Incurred by K&E

40.    As set forth in **Exhibit I** attached hereto, and as summarized in **Exhibit G** attached hereto, K&E has incurred a total of $41,147.24 in expenses on behalf of the Reorganized Debtors during the Fee Period.  These charges are intended to reimburse K&E's direct operating costs, which are not incorporated into the K&E hourly billing rates.  K&E charges external copying and computer research at the provider's cost without markup.  Only clients who actually use services of the types set forth in **Exhibit I** of this Fee Application are separately charged for such services.  The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying and other facilities and services.

### Reasonable and Necessary Services Provided by K&E

A.    **Reasonable and Necessary Fees Incurred in Providing Services to the Reorganized Debtors.**

41.    The foregoing professional services provided by K&E on behalf of the Reorganized Debtors during the Fee Period were reasonable, necessary, and appropriate to the administration of these chapter 11 cases and related matters.

42.    Many of the services performed by partners and associates of K&E were provided by K&E's Restructuring Group.  K&E has a prominent practice in this area and enjoys a national

15

and international reputation for its expertise in financial reorganizations and restructurings of troubled companies, with over 100 attorneys focusing on this area of the law.  The attorneys at K&E have represented either the debtor or the creditors' committee or have acted as special counsel in many large chapter 11 cases.

43.     In addition, due to the facts and circumstances of these chapter 11 cases, attorneys from K&E's litigation, corporate and tax groups were heavily involved with K&E's representation of the Reorganized Debtors.  These practice groups also enjoy a national and international reputation for their expertise.  Overall, K&E brings to these chapter 11 cases a particularly high level of skill and knowledge, which inured to the benefit of the Reorganized Debtors and all stakeholders.

**B.     Reasonable and Necessary Expenses Incurred in Providing Services to the Reorganized Debtors.**

44.     The time constraints imposed by the circumstances of these chapter 11 cases required K&E attorneys and other employees to devote substantial time during the evenings and on weekends to perform services on behalf of the Reorganized Debtors.  These services were essential to meet deadlines, respond to daily inquiries from various creditors and other parties in interest on a timely basis, and satisfy the demands of the Reorganized Debtors' businesses and ensure the orderly administration of their estates.  Consistent with firm policy, and as further disclosed in the Retention Application, K&E attorneys and other K&E employees who worked late in the evenings or on weekends were reimbursed for their reasonable meal and transportation costs.  K&E's regular practice is not to include components for those charges in overhead when establishing billing rates, but rather to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of legal services.

45.     In addition, due to the location of the Reorganized Debtors' businesses, co-counsel, creditors, and other parties in interest in relation to K&E's offices, frequent multi-party telephone conferences involving numerous parties were required.   On many occasions, the exigencies and circumstances of these chapter 11 cases required overnight delivery of documents and other materials.   The disbursements for such services are not included in K&E's overhead for the purpose of setting billing rates and K&E has made every effort to minimize its disbursements in these chapter 11 cases.   The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Reorganized Debtors in these chapter 11 cases.

46.     Among other things, K&E makes sure that all overtime meals, travel meals, hotel rates, and airfares are reasonable and appropriate expenses for which to seek reimbursement. Specifically, K&E regularly reviews its bills to ensure that the Reorganized Debtors are only billed for services that were actual and necessary and, where appropriate, prorates expenses.   In that regard, K&E will waive certain fees and reduce its expenses if necessary.   In the Fee Period, K&E voluntarily reduced its fees by $30,200.00 and expenses by $344.14.   Consequently, K&E does not seek payment of such fees or reimbursement of such expenses in the Fee Application.

**K&E's Requested Compensation and Reimbursement Should be Allowed**

47.     Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).   Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including—

17

(a)   the time spent on such services;

(b)   the rates charged for such services;

(c)   whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(d)   whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(e)   whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

48.     K&E respectfully submits that the services for which it seeks compensation in this Fee Application were, at the time rendered, necessary for and beneficial to the Reorganized Debtors and their estates and were rendered to protect and preserve the Reorganized Debtors' estates. K&E further believes that it performed the services for the Reorganized Debtors economically, effectively, and efficiently, and the results obtained benefited not only the Reorganized Debtors, but also the Reorganized Debtors' estates and the Reorganized Debtors' constituents. K&E further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Reorganized Debtors, their estates, and all parties in interest.

49.     During the course of these chapter 11 cases, K&E's hourly billing rates for attorneys ranged from $555.00 to $1,495.00. The hourly rates and corresponding rate structure utilized by K&E in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by K&E for restructuring, workout, bankruptcy, insolvency, and comparable matters, and similar complex corporate, securities, and litigation matters, whether in court or

otherwise, regardless of whether a fee application is required.  K&E strives to be efficient in the staffing of matters.  These rates and the rate structure reflect that such matters are typically national in scope and involve great complexity, high stakes, and severe time pressures—all of which were present in these chapter 11 cases.

50.     Moreover, K&E's hourly rates are set at a level designed to compensate K&E fairly for the work of its attorneys and paraprofessionals and to cover certain fixed and routine overhead expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

51.     In sum, K&E respectfully submits that the professional services provided by K&E on behalf of the Reorganized Debtors and their estates during these chapter 11 cases were necessary and appropriate given the complexity of these chapter 11 cases, the time expended by K&E, the nature and extent of K&E's services provided, the value of K&E's services, and the cost of comparable services outside of bankruptcy, all of which are relevant factors set forth in section 330 of the Bankruptcy Code.  Accordingly, K&E respectfully submits that approval of the compensation sought herein is warranted and should be approved.

52.     No previous application for the relief sought herein has been made to this or any other Court.

### Reservation of Rights and Notice

53.     It is possible that some professional time expended or expenses incurred during the Fee Period are not reflected in the Fee Application.  K&E reserves the right to include such amounts in future fee applications.  In addition, the Reorganized Debtors have provided notice of this Fee Application to:  (a) the U.S. Trustee; (b) the holders of the 30 largest unsecured claims against the Reorganized Debtors (on a consolidated basis); (c) Deutsche Bank Trust Company

Americas, as administrative agent under the Reorganized Debtors' prepetition first lien credit facility, and counsel thereto; (d) Delaware Trust Company, as administrative agent under the Reorganized Debtors' prepetition second lien credit facility, and counsel thereto; (e) counsel to the ad hoc group of holders of claims under the Reorganized Debtors' prepetition first lien credit facility; (f) counsel to the ad hoc group of holders of claims under the Reorganized Debtors' prepetition second lien credit facility; (g) counsel to the Sponsor; (h) the United States Attorney's Office for the Southern District of Texas; (i) the Internal Revenue Service; (j) the United States Securities and Exchange Commission; (k) the state attorneys general for states in which the Reorganized Debtors conduct business; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

## No Prior Request

54.     No prior application for the relief requested herein has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

20

WHEREFORE, K&E respectfully requests that the Court enter an order:  (a) awarding K&E compensation for professional and paraprofessional services provided during the Fee Period in the amount of $1,128,095.50, and reimbursement of actual, reasonable and necessary expenses incurred in the Fee Period in the amount of $41,147.24; (b) authorizing and directing the Reorganized Debtors to remit payment to K&E for such fees and expenses; and (c) granting such other relief as is appropriate under the circumstances.

Houston, Texas
Date: July 19, 2017

*/s/ Edward O. Sassower, P.C.*
Edward O. Sassower, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

-and-

James H.M. Sprayregen, P.C.
William A. Guerrieri
Bradley Thomas Giordano
Christopher M. Hayes
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Co-Counsel to the Reorganized Debtors*

## <u>Exhibit A</u>

**Sassower Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| AMERIFORGE GROUP INC., *et al.*,[1] | § | Case No. 17-32660 (DRJ) |
| | § | |
| Reorganized | § | (Jointly Administered) |
| Debtors. | § | |
| | § | |

**DECLARATION OF EDWARD O. SASSOWER IN**
**SUPPORT OF THE FINAL FEE APPLICATION OF**
**KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS INTERNATIONAL LLP,**
**ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION**
**FOR THE PERIOD OF MAY 1, 2017 THROUGH AND INCLUDING JUNE 8, 2017**

I, Edward O. Sassower, being duly sworn, state the following under penalty of perjury:

1.      I am the president of Edward O. Sassower, P.C., a partner in the law firm of Kirkland & Ellis LLP, located at 601 Lexington Avenue, New York, New York 10022, and a partner of Kirkland & Ellis International, LLP (together with Kirkland & Ellis LLP, "K&E").[2] I am the lead attorney from K&E working on the above-captioned chapter 11 cases. I am a member in good standing of the Bar of the State of New York, and I have been admitted to practice in the United States Bankruptcy Court for the Southern District of New York and the

---

[1]     The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Ameriforge Group Inc. (7053); 230 Bodwell Corporation (3965); Advanced Joining Technologies, Inc. (6451); AF Gloenco Inc. (9958); AFG Brazil Holdings LLC (8618); AFG Brazil LLC (8720); AFG Louisiana Holdings Inc (4743); Allpoints Oilfield Services LLC (8333); Ameriforge Corporation (1649); Ameriforge Cuming Insulation LLC (0264); Century Corrosion Technologies LLC (8548); Cuming Corporation (9782); Dynafab Acquisitions Corp. (1331); Flotation Technologies (4572); FR AFG Holdings, Inc. (2623); NRG Manufacturing Louisiana LLC (5823); NRG Manufacturing Inc (7544); Steel Industries Inc. (5154); Steel Industries Real Estate Holding LLC (1298); and Taper-Lok Corporation (8833). The Reorganized Debtors' service address is: 945 Bunker Hill Road, Suite 500, Houston, Texas 77024.

[2]     Capitalized terms used but not otherwise defined herein shall have the meaning as set forth in the Fee Application.

United States Bankruptcy Court for the Eastern District of New York.  There are no disciplinary proceedings pending against me.

2.      I have read the foregoing final fee application of K&E, attorneys for the Reorganized Debtors, for the Fee Period (the "Fee Application").  To the best of my knowledge, information and belief, the statements contained in the Fee Application are true and correct.  In addition, I believe that the Fee Application complies with Local Bankruptcy Rule 2016-1.

3.      In connection therewith, I hereby certify that:

a)      to the best of my knowledge, information, and belief, formed after reasonable inquiry, the fees and disbursements sought in the Fee Application are permissible under the relevant rules, court orders, and Bankruptcy Code provisions, except as specifically set forth herein;

b)      except to the extent disclosed in the Fee Application, the fees and disbursements sought in the Fee Application are billed at rates customarily employed by K&E and generally accepted by K&E's clients.  In addition, none of the professionals seeking compensation varied their hourly rate based on the geographic location of the Reorganized Debtors' case;

c)      the Reorganized Debtors reviewed and pre-approved the increases in hourly rates disclosed in the Fee Application.  K&E informed the Reorganized Debtors in writing that they did not have to agree to modified rates or terms in order to continue K&E's engagement.  The Reorganized Debtors agreed to accept all reasonable future rate increases.;

d)      in providing a reimbursable expense, K&E does not make a profit on that expense, whether the service is performed by K&E in-house or through a third party;

e)      in accordance with Rule 2016(a) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 504, no agreement or understanding exists between K&E and any other person for the sharing of compensation to be received in connection with the above cases except as authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules; and

f)      All services for which compensation is sought were professional services on behalf of the Reorganized Debtors and not on behalf of any other person.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  July 19, 2017                                              Respectfully submitted,

                                                          */s/ Edward O. Sassower*
                                                          Edward O. Sassower
                                                          as President of Edward O. Sassower, P.C., as
                                                          Partner of Kirkland & Ellis LLP; and as Partner
                                                          of Kirkland & Ellis International LLP

**Exhibit B**

**Retention Order**

**<u>Exhibit C</u>**

**Engagement Letter**

**<u>Exhibit D</u>**

**Budget and Staffing Plan**

## Budget and Staffing Plan

### (For Matter Categories for the Period Beginning
### on May 1, 2017 and Ending on June 8, 2017)

### Budget

| Matter Number | Project Category Description | Hours Budgeted | Total Compensation Budgeted |
|---|---|---|---|
| 2 | Chapter 11 Filing | 132 - 148 | $100,000 - $112,000 |
| 3 | Case Administration | 45 - 56 | $32,600 - $40,000 |
| 4 | Plan / Disclosure Statement / Confirmation | 620 - 694 | $550,000 - $650,000 |
| 5 | K&E Fee / Employment Application / Objection | 58 - 64 | $42,500 - $47,600 |
| 6 | Non-K&E Fee / Employment / Objection | 67 - 75 | $47,500 - $53,200 |
| 7 | SOFAs and Schedules | 0 - 25 | $0 - $24,450 |
| 8 | U.S. Trustee Issues | 35 - 45 | $32,500 - $36,400 |
| 9 | Business Operations | 81 - 90 | $60,000 - $67,200 |
| 10 | Corporate & Securities Issues | 55 - 69 | $57,050 - $70,000 |
| 11 | Cash Management | 68 - 76 | $60,000 - $67,200 |
| 12 | DIP, Cash Collateral, Exit Financing | 421 - 471 | $400,000 - $450,000 |
| 13 | Employee Issues | 20 - 25 | $16,300 - $20,000 |
| 14 | Insurance and Related Matters | 20 - 25 | $16,300 - $20,000 |
| 15 | Vendor and Supplier Issues | 80 - 90 | $75,000 - 84,000 |
| 16 | Utilities | 45 - 55 | $35,000 - $39,200 |
| 17 | Creditor Communications | 70 - 80 | $62,500 - $70,000 |
| 18 | Taxes | 50 - 63 | $40,750 - $50,000 |
| 19 | Adversary Proceedings, Contested Matters | 25 - 31 | $24,450 - $30,000 |
| 20 | Automatic Stay Matters | 30 - 38 | $24,450 - $30,000 |
| 21 | Avoidance Actions | 0 - 0 | $0 - $0 |
| 22 | Hearings | 145 - 162 | $146,300 - $164,500 |
| 23 | Claims Administration and Objections | 40 - 55 | $35,000 - $39,200 |
| 24 | Executory Contracts and Unexpired Leases | 65 - 90 | $55,000 - $67,200 |
| 25 | Use, Sale, or Lease of Property | 30 - 45 | $35,000 - $40,000 |
| 26 | Non-Working Travel Time | 125 - 156 | $40,750 - $50,000 |
| Total | | 2,327 - 2,728 | $1,988,950 - $2,322,150 |

**Staffing Plan**

| Category of Timekeeper | Number of Timekeepers Expected to Perform Work Across All Matters During the Budget Period | Average Hourly Rate[1] |
|---|---|---|
| Partner | 8 | $1,186 |
| Associate | 10 | $732 |
| Legal Assistant | 1 | $380 |
| Project Assistant | 3 | $240 |
| **Total** | 21 | $853 |

---

[1]   The Average Hourly Rate is a weighted average based on an individual hourly rate of, and projected number of hours worked by, each timekeeper over the course of the chapter 11 cases.

**<u>Exhibit E</u>**

**Voluntary Rate Disclosures**

- The blended hourly rate for all K&E domestic timekeepers (including both professionals and paraprofessionals) who billed to non-bankruptcy matters (collectively, the "Non-Bankruptcy Matters")[1] during the 12-month period ending on May 31, 2017 (the "Comparable Period") was, in the aggregate, approximately $763.01 per hour (the "Non-Bankruptcy Blended Hourly Rate").[2]

- The blended hourly rate for all K&E timekeepers (including both professionals and paraprofessionals) who billed to the Reorganized Debtors during the Fee Period was approximately $781.88 per hour (the "Debtor Blended Hourly Rate").[3]

- A detailed comparison of these rates is as follows:

| Position at K&E | Debtor Blended Hourly Rate for This Fee Application | Non-Bankruptcy Blended Hourly Rate |
|---|---|---|
| Partner | $1,077.62 | $1,025.58 |
| Of Counsel | $1,195.00 | $803.42 |
| Associate | $734.89 | $658.88 |
| Paralegal | $385.36 | $299.64 |
| Junior Paralegal | $240.00 | $197.01 |
| Support Staff | $216.00 | $278.61 |
| **Total** | **$781.88** | **$763.01** |

---

[1]   It is the nature of K&E's practice that certain non-bankruptcy engagements require the advice and counsel of professionals and paraprofessionals who work primarily within K&E's Restructuring Group. Accordingly, "Non-Bankruptcy Matters" consist of matters for which K&E domestic timekeepers represented a client in a matter other than an in-court bankruptcy proceeding. Moreover, the Non-Bankruptcy Matters include time billed by K&E domestic timekeepers who work primarily within K&E's Restructuring Group.

[2]   K&E calculated the blended rate for Non-Bankruptcy Matters by dividing the *total dollar amount* billed by K&E domestic timekeepers to the Non-Bankruptcy Matters during the Comparable Period by the *total number of hours* billed by K&E domestic timekeepers to the Non-Bankruptcy Matters during the Comparable Period.

[3]   K&E calculated the blended rate for timekeepers who billed to the Reorganized Debtors by dividing the *total dollar amount billed* by such timekeepers during the Fee Period by the *total number of hours billed* by such timekeepers during the Fee Period.

<u>**Exhibit F**</u>

**Summary of Total Fees Incurred and Hours Billed During the Fee Period**

| Attorney Name | Position | Department | Date of Admission | Fees Billed In this Application | Hours Billed In this Application | Number of Rate Increases | Hourly Rate Billed | | Fees Billed |
| | | | | | | | In this Application | In the First Interim Application | In this Application at First Interim Application Billing Rate |
|---|---|---|---|---|---|---|---|---|---|
| Thad Davis | Partner | Taxation | 2005 | $3,600.00 | 3.20 | N/A | $1,125.00 | N/A | N/A |
| Samantha Good, P.C. | Partner | Corporate | 1997 | $622.50 | 0.50 | N/A | $1,245.00 | N/A | N/A |
| Chad J. Husnick, P.C. | Partner | Restructuring | 2004 | $6,291.00 | 5.40 | N/A | $1,165.00 | N/A | N/A |
| Matthew Pacey, P.C. | Partner | Corporate | 2002 | $1,295.00 | 1.00 | N/A | $1,295.00 | N/A | N/A |
| Anna G. Rotman, P.C. | Partner | Litigation | 2004 | $15,028.50 | 12.90 | N/A | $1,165.00 | N/A | N/A |
| Edward O. Sassower, P.C. | Partner | Restructuring | 2000 | $2,115.00 | 1.50 | N/A | $1,410.00 | N/A | N/A |
| Lucas Spivey, P.C. | Partner | Corporate | 2007 | $209,947.50 | 195.30 | N/A | $1,075.00 | N/A | N/A |
| Bradley T. Giordano | Partner | Restructuring | 2009 | $23,805.00 | 23.00 | N/A | $1,035.00 | N/A | N/A |
| Scott J. Gordon | Partner | Corporate | 1995 | $448.50 | 0.30 | N/A | $1,495.00 | N/A | N/A |
| Adam Grant | Partner | Real Estate | 2003 | $7,314.00 | 6.90 | N/A | $1,060.00 | N/A | N/A |
| William Guerrieri | Partner | Restructuring | 2008 | $70,263.00 | 66.60 | N/A | $1,055.00 | N/A | N/A |
| Erik Hepler | Partner | Corporate | 1990 | $6,333.50 | 5.30 | N/A | $1,195.00 | N/A | N/A |
| Kim Hicks | Partner | Corporate | 2009 | $2,794.50 | 2.70 | N/A | $1,035.00 | N/A | N/A |
| William T. Pruitt | Partner | Litigation | 2004 | $1,015.00 | 1.00 | N/A | $1,015.00 | N/A | N/A |
| Jack N. Bernstein | Of Counsel | Employee Benefits | 1995 | $1,195.00 | 1.00 | N/A | $1,195.00 | N/A | N/A |
| Ashley Carlisle | Associate | Corporate | 2016 | $37,018.50 | 66.70 | N/A | $555.00 | N/A | N/A |
| Bryan D. Flannery | Associate | Corporate | 2014 | $22,378.00 | 26.80 | N/A | $835.00 | N/A | N/A |
| Sean Hamner | Associate | Taxation | 2016 | $11,424.00 | 20.40 | N/A | $560.00 | N/A | N/A |
| Christopher Hayes | Associate | Restructuring | 2013 | $88,510.00 | 106.00 | N/A | $835.00 | N/A | N/A |
| Catherine Jun | Associate | Restructuring | 2014 | $95,550.00 | 130.00 | N/A | $735.00 | N/A | N/A |
| Michael W. Rigdon | Associate | Corporate | 2011 | $38,009.00 | 39.80 | N/A | $955.00 | N/A | N/A |
| Jordan Roberts | Associate | Corporate | 2013 | $219,939.00 | 263.40 | N/A | $835.00 | N/A | N/A |
| Alyssa B. Russell | Associate | Restructuring | 2015 | $15,996.00 | 24.80 | N/A | $645.00 | N/A | N/A |
| Drue A. Santora | Associate | Corporate | 2012 | $477.50 | 0.50 | N/A | $955.00 | N/A | N/A |
| Allyson Smith | Associate | Restructuring | 2017 | $24,975.00 | 45.00 | N/A | $555.00 | N/A | N/A |

| Attorney Name | Position | Department | Date of Admission | Fees Billed In this Application | Hours Billed In this Application | Number of Rate Increases | Hourly Rate Billed | | Fees Billed In this Application at First Interim Application Billing Rate |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | In this Application | In the First Interim Application | |
| Sharad Thaper | Associate | Restructuring | 2017 | $17,544.00 | 27.20 | N/A | $645.00 | N/A | N/A |
| John Weber | Associate | Restructuring | 2013 | $11,356.00 | 13.60 | N/A | $835.00 | N/A | N/A |
| Cameron Williamson | Associate | Corporate | 2016 | $55,147.50 | 85.50 | N/A | $645.00 | N/A | N/A |
| John S. Zarbock | Associate | Corporate | 2015 | $99,652.50 | 154.50 | N/A | $645.00 | N/A | N/A |
| **Totals** | | | | **$1,090,045.00** | **1,330.80** | | | | |

| Paraprofessional Name | Position | Department | Date of Admission | Fees Billed In this Application | Number of Rate Increases | Number of Rate Increases | Hourly Rate Billed | | Fees Billed In this Application at First Interim Application Billing Rate |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | In this Application | In the First Interim Application | |
| Sara Handibode | Paralegal | Real Estate | N/A | $396.00 | 1.20 | N/A | $330.00 | N/A | N/A |
| Carrie Oppenheim | Paralegal | Restructuring | N/A | $19,228.00 | 50.60 | N/A | $380.00 | N/A | N/A |
| Henry Rosas | Paralegal | Corporate | N/A | $9,240.00 | 22.00 | N/A | $420.00 | N/A | N/A |
| Charlotte M. Willingham | Paralegal | Corporate | N/A | $1,386.50 | 4.70 | N/A | $295.00 | N/A | N/A |
| Ryan Besaw | Junior Paralegal | Restructuring | N/A | $5,448.00 | 22.70 | N/A | $240.00 | N/A | N/A |
| Julia Foster | Junior Paralegal | Restructuring | N/A | $192.00 | 0.80 | N/A | $240.00 | N/A | N/A |
| Leah Lancaster | Support Staff | Administrative Services | N/A | $1,995.00 | 9.50 | N/A | $210.00 | N/A | N/A |
| Library Factual Research | Support Staff | Administrative Services | N/A | $165.00 | 0.50 | N/A | $330.00 | N/A | N/A |
| **Totals** | | | | **$38,050.50** | **112.00** | | | | |

9

**<u>Exhibit G</u>**

**Summary of Actual and Necessary Expenses for the Fee Period**

### Summary of Actual and Necessary Expenses for the Fee Period

| Expense | Vendor (if any) | Unit Cost (if applicable) | Amount |
|---|---|---|---|
| Third Party Telephone Charges | Unified Communications Services Inc. | | $113.03 |
| Standard Copies or Prints | Kirkland & Ellis LLP (Internal) | | $2,423.84 |
| Binding | Kirkland & Ellis LLP (Internal) | | $3.50 |
| Tabs/Indexes/Dividers | Kirkland & Ellis LLP (Internal) | | $16.38 |
| Color Copies or Prints | Kirkland & Ellis LLP (Internal) | | $5,124.35 |
| Scanned Images | Kirkland & Ellis LLP (Internal) | | $67.20 |
| Production Blowbacks | Kirkland & Ellis LLP (Internal) | | $285.90 |
| Closing/Mini Books | Kirkland & Ellis LLP (Internal) | | $60.00 |
| Overnight Delivery | Federal Express Mach 5 Couriers Inc. | | $105.08 |
| Local Transportation | | | $37.34 |
| Travel Expense | | | $4,351.91 |
| Airfare | | | $7,541.92 |
| Transportation to/from airport | Avanti Transportation All About Charter Inc. | | $1,645.54 |
| Travel Meals | | | $853.76 |
| Outside Printing Services | Omnivere LLC | | $1,210.16 |
| Catering Expenses | | | $812.72 |
| Outside Retrieval Service | CSC | | $15,999.81 |
| Westlaw Research | | | $57.99 |
| Overtime Transportation | United Dispatch | | $241.27 |
| Overtime Meals - Attorney | Seamless North America LLC | | $195.54 |
| **Total** | | | **$41,147.24** |

**<u>Exhibit H</u>**

**Summary of Fees and Expenses by Matter for the Fee Period**

| Matter Number | Project Category Description | Hours | | Total Compensation | | Expenses | Total |
|---|---|---|---|---|---|---|---|
| | | Budgeted | Billed | Budgeted | Billed | | |
| 0002 | Chapter 11 Filing | 132-148 | 41.60 | $100,00-$112,000 | $32,749.00 | $0.00 | $32,749.00 |
| 0003 | Case Administration | 45-56 | 15.30 | $32,600-$40,0000 | $3,751.00 | $0.00 | $3,751.00 |
| 0004 | Plan, Disclosure Statement, Confirmation | 620-694 | 396.90 | $550,00-$650,000 | $306,129.00 | $0.00 | $306,129.00 |
| 0005 | K&E Fee, Employment Application, Object. | 58-64 | 36.80 | $42,500-$47,600 | $25,079.50 | $0.00 | $25,079.50 |
| 0006 | Non-K&E Fee, Employment, Objection | 67-75 | 7.90 | $0.00-$24,450 | $5,130.00 | $0.00 | $5,130.00 |
| 0008 | U.S. Trustee Issues | 35-45 | 6.20 | $32,500-$36,400 | $5,242.00 | $0.00 | $5,242.00 |
| 0009 | Business Operations | 81-90 | 3.50 | $60,000-$67,200 | $3,120.50 | $0.00 | $3,120.50 |
| 0010 | Corporate and Securities Issues | 55-69 | 83.80 | $57,050-$70,000 | $56,836.00 | $0.00 | $56,836.00 |
| 0011 | Cash Management | 68-76 | 8.60 | $60,000-$67,200 | $6,700.00 | $0.00 | $6,700.00 |
| 0012 | DIP, Cash Collateral, Exit Financing | 421-471 | 738.70 | $400,000-$450,000 | $602,460.00 | $0.00 | $602,460.00 |
| 0013 | Employee Issues | 20-25 | 12.80 | $16,300-$20,000 | $10,611.50 | $0.00 | $10,611.50 |
| 0014 | Insurance | 20-25 | 2.80 | $16,300-$20,000 | $2,738.00 | $0.00 | $2,738.00 |
| 0015 | Vendor and Supplier Issues | 80-90 | 7.70 | $75,000-$84,000 | $4,825.00 | $0.00 | $4,825.00 |
| 0016 | Utilities | 45-55 | 2.20 | $35,000-$39,200 | $1,609.00 | $0.00 | $1,609.00 |
| 0017 | Creditor Communications | 70-80 | 1.40 | $62,500-$70,000 | $1,449.00 | $0.00 | $1,449.00 |
| 0018 | Taxes | 50-63 | 3.20 | $40,750-$50,000 | $3,600.00 | $0.00 | $3,600.00 |
| 0020 | Automatic Stay Issues | 30-38 | 0.30 | $24,450-$30,000 | $114.00 | $0.00 | $114.00 |
| 0022 | Hearings | 145-162 | 34.30 | $146,300-$164,500 | $26,290.00 | $0.00 | $26,290.00 |
| 0026 | Non-Working Travel Time | 125-156 | 38.80 | $40,750-$50,000 | $29,662.00 | $0.00 | $29,662.00 |
| 0027 | Expenses | 0-0 | 0.00 | $0.00-$0.00 | $0.00 | $41,147.24 | $41,147.24 |
| **Total** | | **2,167-2,482** | **1,442.80** | **$1,792,000-$2,092,550.00** | **$1,128,095.50** | **$41,147.24** | **$1,169,242.74** |

**<u>Exhibit I</u>**

**Detailed Description of Services Provided**

**<u>Exhibit J</u>**

**Detailed Description of Expenses and Disbursements**

**<u>Exhibit K</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| AMERIFORGE GROUP INC., *et al.*,[1] | § | Case No. 17-32660 (DRJ) |
| | § | |
| Reorganized Debtors. | § | (Jointly Administered) |
| | § | |

**ORDER GRANTING FINAL
FEE APPLICATION OF KIRKLAND & ELLIS LLP
AND KIRKLAND & ELLIS INTERNATIONAL LLP, ATTORNEYS
FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE
PERIOD FROM MAY 1, 2017 THROUGH AND INCLUDING JUNE 8, 2017**

Upon the *Final Fee Application of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, Attorneys for the Debtors and Debtors in Possession, for the Period from May 1, 2017 Through and Including June 8, 2017* (the "Fee Application")[2] of the above-captioned reorganized debtors (collectively, the "Reorganized Debtors") for entry of an order (this "Order"), the United States Bankruptcy Court for the Southern District of Texas (the "Court") orders as follows:

4.      Compensation to K&E for professional services rendered during the Fee Period is allowed on a final basis in the amount of $1,128,095.50.

---

[1]   The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are:  Ameriforge Group Inc. (7053); 230 Bodwell Corporation (3965); Advanced Joining Technologies, Inc. (6451); AF Gloenco Inc. (9958); AFG Brazil Holdings LLC (8618); AFG Brazil LLC (8720); AFG Louisiana Holdings Inc (4743); Allpoints Oilfield Services LLC (8333); Ameriforge Corporation (1649); Ameriforge Cuming Insulation LLC (0264); Century Corrosion Technologies LLC (8548); Cuming Corporation (9782); Dynafab Acquisitions Corp. (1331); Flotation Technologies LLC (4572); FR AFG Holdings, Inc. (2623); NRG Manufacturing Louisiana LLC (5823); NRG Manufacturing Inc (7544); Steel Industries Inc. (5154); Steel Industries Real Estate Holding LLC (1298); and Taper-Lok Corporation (8833). The Reorganized Debtors' service address is:  945 Bunker Hill Road, Suite 500, Houston, Texas 77024.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Fee Application.

5.      Reimbursement to K&E for expenses incurred during the Fee Period is allowed

on a final basis in the amount of $41,147.24.

6.      K&E is awarded fees and costs as an administrative expense for the period May 1,

2017, through June 8, 2017, as follows:

|  |  |
|---|---|
| Fees: | $1,128,095.50 |
| Expenses: | $41,147.24 |
| Total: | $1,169,242.74 |

7.      The Reorganized Debtors are authorized and directed to pay K&E all fees and

expenses allowed pursuant to this Order.

Dated: _____, 2017                    _____
Houston, Texas                                        THE HONORABLE DAVID R. JONES
                                                              UNITED STATES BANKRUPTCY JUDGE